**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT J. ILMONEN** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0559-D** |
| | ) | **ECF** |
| **STATE OF TEXAS, et al.,** | ) | |
| **Respondents.** | ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on April 25, 2007, this case has been re-referred to the United States Magistrate Judge to consider the allegations raised in Petitioner's amended petition and response (Amd. Pet. and Resp.) filed on April 12, 2007.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On April 2, 2007, the Magistrate Judge filed findings and conclusions recommending that the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be dismissed for failure to satisfy the "in custody" requirement, and that the motion for a temporary restraining order (TRO), which sought to restrain Respondents from arresting Petitioner, be denied.  The Magistrate Judge noted that Petitioner was not in incarcerated, that he had received only a monetary fine as punishment for his traffic violation convictions in municipal court, and that the issuance of arrest warrants because of his failure to pay the monetary fine did not alter the fact that he was not presently incarcerated.  *See Spring v. Caldwell,* 692 F.2d 994, 999 (5th Cir. 1982) (reaffirming "fine-only" limitation on federal habeas jurisdiction in the context of § 2254

petition, and holding that "an arrest warrant issued for willful refusal to pay a fine does not amount to "custody" within the meaning" of federal habeas statute).

In his amended petition and response, Petitioner alleges for the first time that he was "placed into custody by the constable who came to his residence on or about mid February 2007." (Amd. Pet. and Resp. at 2 ¶ 16). While he concedes not being "incarcerated, he argues the "constable never released Petitioner from custody." (*Id.*). It appears that the constable did not place Petitioner in custody because of his numerous medications necessary for his cancer and other ailments. (*Id.* at 3-4). In the caption of his amended petition and response, Petitioner states for the first time that "house arrest" is his "current place of confinement."

Petitioner has not provided any kind of judicial order or warrant to establish his present "in custody" status. Thus, his assertion that he is on "house arrest" is wholly conclusory and completely bogus.

Next Petitioner asserts for the first time that he is indigent. (Amd. Pet. and Resp. at 2 ¶ 14). He explains that he filed for bankruptcy protection under Chapter 7 earlier this year, and that the case is currently active. (*Id.*).

In *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the Supreme Court held that an indigent defendant was denied equal protection where, beyond any statutory provision or limit for imprisonment for the offense, he was required to be jailed solely because he could not find the funds to pay the fine or costs. *See also United States v. Jimenez*, 600 F.2d 1172, 1175 (5th Cir.), cert. denied, 444 U.S. 903 (1979) (holding unconstitutional the requirement that the defendant Jiminez repay interpreter's and appointed counsel's costs to the government as a

condition of his probation, in part because the repayment condition "does not provide that repayment will be excused if Jiminez is unable to pay."); *Barnett v. Hopper*, 548 F.2d 550, 554 (5th Cir. 1977), vacated as moot, 439 U.S. 1041 (1978) (holding that a ten-year probated sentence conditioned on the payment of a $2,000 fine and court costs, was a denial of equal protection, when Barnett was in fact imprisoned because he could not find the funds to pay the fine: "(T)o imprison an individual when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws.").[1]

Unlike the above cases, the issue before this Court does not concern imprisonment because a convicted defendant is unable to pay a fine or costs because of indigency. First of all, Petitioner is not presently in custody. Even assuming he were on house arrest, this is not a case where Petitioner is merely unable to pay the fine because of his indigency. Rather he specifically argues that he was denied the right to appeal his municipal court convictions, that such denial amounts to a due process violation, and that he should not be required to pay a fine because his case should be on appeal. (Amd. Pet. and Resp. at 2 ¶ 13, and 4).

Alternatively, Petitioner argues that this Court should exercise jurisdiction under 28 U.S.C. § 2241(c)(3). (Amd. Pet. and Resp. at 3 ¶ 19). The "in custody" requirement applies equally to §§ 2254 and 2241. Section 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." The primary function of the writ of habeas corpus is to seek

---

[1]     In *Spring*, 692 F.2d at 999 n. 6, the Fifth Circuit recognized that different factors must be considered in case of indigency or inability to pay a fine.

release from unlawful custody or imprisonment.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.

1997).[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's objections raised in his

Amended Petition and response be overruled, that his petition be DISMISSED for want of

jurisdiction for failure to satisfy the in custody requirement, and that the emergency motion for

TRO (Docket # 2) be DENIED.

A copy of this recommendation will be mailed to Petitioner.

Signed this 12th day of June, 2007.

Wm. F. Sanderson, Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
    In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

---

[2]    Petitioner's reliance on *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549 (1968), does
not support his "in custody" argument.  Unlike *Peyton*, Petitioner was not sentenced to
consecutive sentences of imprisonment.  Rather he received a monetary fine.

4